# Lemole, McCarthy & Associates
# 1492 Victory Blvd.
# Staten Island, New York 10301
# (718)-981-7500
# Fax 718-720-1882
# E-mail plemole18@aol.com

**Edward P. McCarthy N.Y. bar 1963**　　　　　　　　　　　　　**Paul A. Lemole N.Y. Bar 1964**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**& Federal Bar**

April 8, 2008

Hon. Robert P. Patterson
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 2550
New York, NY 10007


U.S. Department of Justice
United States Attorney
Southern District of New York
AUSA  David Benton Massey
The Silvio J. Mollo Building
One Saint Andrews Plaza
New York, N.Y. 10007

　　　　　　　　　　　　　　　Re:　U.S.A. v. John LaForte
　　　　　　　　　　　　　　　　　　07-CR-889 (RPP)

Honorable and Dear Sir:

　　　I represent the defendant John LaForte. Reference is made to my letter to the Court dated April 7, 2008 and your honor's endorsement thereon.

　　　In support of the defendant's contentions, I enclose excerpted pages from John LaForte's probation report prepared within his Eastern District case under Indictment # 06-CR-839-07.  It demonstrates that defendant John LaForte has a present Criminal History Category of 1.  ( See, paragraphs 69 and 71 of the Eastern District's probation

-1-

report).  In its paragraph 71, John Laforte has a Criminal History of 1 due to a prior DWI conviction.  In its paragraph 104, the guideline range ( as a Category 1 offender ) is calculated at 33 to 41 months except that he will be receiving a 1 point reduction for a global plea, making his guideline range 30 to 37 months.

It is my contention that,

If John LaForte pleads to Count 2 in the instant case, as per the plea agreement, before he is sentenced in the Eastern District, he will no longer have 1 point in his Criminal History Category.  He will become a Category II Offender in the Eastern District.   See, U.S.S.G Section 4A1.1( c ) which adds 1 point to a defendant's Criminal History through the operation of  U.S.S.G Section 4A1.2 (a) (4) which calls for the "counting" of an unsentenced conviction.

The addition of this 1 point to the defendant John LaForte's Criminal History, raises him to a Category II offender and thereby  raises his guideline sentence in the Eastern District from 33 to 41 months to 37 to 46 months. See U.S.S.G. sentencing chart.

This constitutes an elevation of 3 to 4 months on the lowest side of the defendant's sentence in the Eastern District.

I also wish to correct my letter to the Court of April 7, 2008; I used the term "Lucchese" in error; it should have stated "Genevese" wherever "Lucchese" was used.


yours,


Paul A. Lemole