UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | PRESENTENCE INVESTIGATION REPORT |
| ) | |
| JOHN LaFORTE ) | DOCKET NO. 06-CR-839-07 |

**Prepared for:** The Honorable David G. Trager
Senior United States District Judge

**Prepared by:** Cheryl M. Fiorillo
Senior United States Probation Officer

<u>Assistant U.S. Attorney</u>
Amy Busa, Esq.

<u>Defense Counsel</u> (Retained)
Paul A. Lemole, Esq.
Lemole, McCarthy & Associates
The Legal Arts Building
1492 Victory Boulevard
Staten Island, New York 10301
(718) 981-7500

**Sentence Date:** August 21, 2007 @ 3:00 p.m.

**Offense:** 18 U.S.C. §§ 1962(d) and 1963, RACKETEERING CONSPIRACY, a Class C felony

**Arrest Date:** December 21, 2006

**Release Status:** Released on December 22, 2006, on a $2,000,000 property bond with Pretrial Services supervision conditions (electronic home monitoring).

**Detainers:** None

**Other Defendants:** See Page 3.

**Date Report Prepared:** July 20, 2007

14

**Convictions/Adjudications**

| | Date of Arrest | Offense/Court | Disposition | Guidelines/ Points |
|---|---|---|---|---|
| 69. | 08/27/93 (Age 25) | Driving While Ability Impaired/ Criminal Court Staten Island, NY | 02/23/94 $250 fine (paid), 1 year conditional discharge, 100 hours community service, drinking driver referral, 90 day license suspension | 4A1.1(c) 4A1.2(e)(2) <br><br> 1 |

70. According to the arrest report, the defendant was observed driving recklessly, and running three red lights. He failed a breathalyzer test and was arrested. Court officials verified the disposition, as noted.

**Criminal History Computation**

71. The above-noted conviction results in 1 criminal history point. According to the Sentencing Table (Chapter 5, Part A), 1 criminal history point establishes a criminal history category of I.

## PART C. OFFENDER CHARACTERISTICS

72. The following information was provided by the defendant on June 20, 2007, during an interview conducted at the Probation Office in Brooklyn, New York. It was corroborated by his wife and parents, unless otherwise noted.

**Family Ties, Family Responsibilities, and Community Ties**

73. As verified by the birth certificate, the defendant, whose full name is John James LaForte, was born on February 13, 1968, on Staten Island, New York, to the marriage of Edward Anthony and Phyllis Roberta (née Palermo) LaForte. The parents moved to Coral Springs, Florida, after the father retired. He owned two businesses, a travel agency and a bar. The father (age 63) has high blood pressure but is otherwise healthy. The mother (age 62) was never employed outside of the home. She has diabetes but is otherwise healthy. The parents are aware of the defendant's arrest and conviction for the instant offense.

defendant provided a copy of his Bank of America loan statement as corroboration of the loan balance on the boat. The Equifax credit report also listed the boat loan.

| Other Assets | Loan Balance |
|---|---|
| Time Share | $44,202 |
| Time Share | $52,118 |

100. The defendant provided copies of payment statements for the above-noted timeshares. One statement has a payment due of $417; the other has a payment due of $492. An Equifax credit report revealed two Marriott real estate mortgages, one with a balance of $30,815; the other with a balance of $23,357.

101. The defendant has been unemployed since his December 21, 2006, arrest. He provided no information regarding his wife's income. He stated that she pays the household expenses, with assistance from her parents. He reported $2,549 in monthly expenses, including auto insurance for the cars, auto loan payments, and credit card payments. His reported expenses do not include those paid by his wife.

102. Although defense counsel is retained, the defendant stated that he is making no payments and that his case is being handled pro bono. He reported no monetary gain from his participation in the instant offense. Based on the defendant's financial profile, he appears unable to pay a fine.

## PART D. SENTENCING OPTIONS

### Custody

103. Statutory Provisions: The maximum term of imprisonment is 20 years. 18 U.S.C. § 1963.

104. Advisory Guideline Provisions: Based on a total offense level of 20 and a criminal history category of I, the guideline imprisonment range is 33 to 41 months, per the Sentencing Table (Chapter 5, Part A) and Guideline 5G1.1(c)(1).

### Supervised Release

105. Statutory Provisions: If a term of imprisonment is imposed, a term of supervised release of not more than 3 years may be imposed. 18 U.S.C. §§ 3583(a) and (b)(2).