UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

                                                  Docket# 07-CR-889-08( RPP)

      v.

JOHN LaFORTE, et al

        DEFENDANT
-------------------------------------------------------x

        SENTENCING MEMORANDUM OF THE DEFENDANT JOHN LaFORTE

                                                  Respectfully submitted,

                                                  _____
                                                  PAUL A. LEMOLE

                                                  LEMOLE McCARTHY
                                                  & ASSOCIATES, Esqs.
                                                  Attorneys for Defendant
                                                  John LaForte
                                                  1492 Victory Blvd.
                                                  Staten Island, N.Y.  10301
                                                  (718) 981-7500

Dated:  Staten Island, N.Y.,
       June 5, 2008

TO:   UNITED STATES ATTORNEY
      SOUTHERN DISTRICT OF NEW YORK
      A.U.S.A. David B. Massey
      One St. Andrews Plaza
      New York, N.Y. 10007

TO:   Senior U.S.P.O. Selwyn F. Foderingham
      UNITED STATES DEPARTMENT OF PROBATION
      SOUTHERN DISTRICT OF NEW YORK
      500 Pearl Street
      New York, N.Y. 10007

CERTIFICATION OF SERVICE

      I hereby certify that a true and correct copy of the forgoing was served upon the following on June 5, 2008, by E-mail, and fax to:

UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF NEW YORK
A.U.S.A. David B. Massey
One St. Andrews Plaza
New York, N.Y. 10007

Senior U.S.P.O. Selwyn F. Foderingham
UNITED STATES DEPARTMENT OF PROBATION
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street
New York, N.Y. 10007


Dated: Staten Island, N.Y.
      August 10, 2007                                                               Paul A. Lemole

Case 1:07-cr-00889-RPP   Document 75   Filed 06/05/2008   Page 3 of 10

1.      The defendant acknowledges receipt of the PSR dated May 30, 2008.

The defendant's position on the PSR:

2.      The defendant has no objections to the arithmetic calculations contained in the PSR at pages 11, 12 and 13 in paragraphs 40 through 60 which calculate the defendant's total offense level at 10 with a Criminal History of II.( PSR paragraphs 53 and 60 ), resulting in a guideline range of 8-16 months imprisonment ( PSR paragraph 88 ); however, the defendant reserves his right to argue a non-guideline sentence under 18 U.S.C. 3553(a).

3.       The defendant has no objection to PSR's conclusion that the defendant does not have the ability to pay a fine. ( PSR page 25 ).

4.       The defendant requests the Court not to order restitution and agrees with PSR's statement at page 22 that restitution is not applicable.

 THE SENTENCE:

5.      The PSR recommends at page 22 that the defendant be sentenced to a term of imprisonment of 8 months of which 4 months is to run concurrently and 4 months is to run consecutively with the sentence of 21 months imprisonment imposed in the Eastern

-1-

District of New York under Docket # 06-CR-839.

The defendant is requesting that he be sentenced to a term of imprisonment not to exceed 8 months, all of which shall run concurrently with the sentence imposed in the Eastern District of New York under Docket # 06-CR-839.

This defendant has been married to Gina LaForte for 14 years and they have 2 children ages 7 and 9. The defendant is a devoted husband and father. Since the he graduated from high school, some 22 years ago, the defendant has had steady employment working a as a cook in a pizza parlor, as a trucker for a beverage distribution company owned by him and his brother, as a trucker for an oil distribution company, as a mechanic for a lawn sprinkler installation company, and most recently as a mechanic/installer for a security systems company. He has always filed his required tax returns. The defendant's employment was continuous until the date of his arrest on December 21, 2006. (See PSR paragraphs 72 through 79).

This defendant is 40 years old, and prior to his arrest in the Eastern District of New York, had no involvement with the criminal justice system other than a 1993 conviction for the Driving while Impaired.  The defendant was indicted in the Eastern District of New York and accused of a RICO.  The enterprise alleged in the Eastern District indictment was " La Cosa Nostra". The defendant was alleged to have conspired to loanshark, and alleged that he committed 3 acts of collecting and making usurious and extortionate loans during the year 2006.  As the Court is aware, the defendant pleaded guilty to those charges and was scheduled to be sentenced. On September 20, 2007, only days away

-2-

from his scheduled sentence date in the Eastern District, the defendant was arrested on the instant indictment which alleges, that from 2006 to 2007, a conspiracy to violate 18 U.S.C. 1955, that is, conspiring to conduct a sports bookmaking business and 1 count of the substantive acts of bookmaking. The conspirators within the instant indictment are alleged to be associates of a "Genovese" crime family crew. Upon information and belief, The defendant John LaForte was the only defendant permitted to plead to Count 2, bookmaking, as opposed to the conspiracy count of Count 1. This plea was agreed to with the former A.U.S.A. Mr. Bruenstein, who acknowledged the defendant's limited participation in the bookmaking operation. Mr. Laforte admitted to giving 2 or 3 customers to these bookmakers during a limited period in 2006 in return for a percentage of the amount of money lost by the bettor/s. The government has taken the position with the Department of Probation that the defendant was one of the operation's largest bookmakers and that he was essential to the operation's existence. This writer disputed the governments position by the a letter dated May 23, 2008 which letter was sent to the Department of Probation and A.U.S.A. Massey and is replicated below:

"Lemole, McCarthy & Associates

1492 Victory Blvd.

Staten Island, New York 10301

(718)-981-7500

Fax 718-720-1882

E-mail plemole18@aol.com

Edward P. McCarthy N.Y. bar 1963                              Paul A. Lemole N.Y. Bar 1964 &

-3-

Federal Bar

May 23, 2008

Mr. Selwyn Foderingham
United States Probation Officer
United States Probation Office
500 Pearl Street
New York, N.Y. 1007
Selwyn_Foderingham@nysp.iscourts.gov
David Massey fax # 212-637-0097

                Re: United States v. John LaForte, 07-cr-889 (RPP)

Dear Mr. Foderingham,

      I am writing this letter in response to the letter of A.U.S.A. Massey to you under date of May 22, 2008.

      The gambling business subject of this indictment spanned a 1 and ½ year period and multi-millions of dollars was transacted by the conspirators subject of Count One. A.U.S.A. Massey erroneously contends that Mr. LaForte " was instrumental " to the operation of the business " and that Mr. LaForte " was among the largest of the bookmakers associated with this operation" and that Mr. LaForte customers incurred "approximately $50,000.00 in losses or gains".

      In support of this erroneous contention, A.U.S.A. Massey refers to 5 taped conversations of among the operators of this gambling business wherein one " S.I." Is

-4-

accountable for 5 bets placed with the ring; these bets were made on or about February 26, 2006, March 6, 2006, March 30, 2006, April 17, 2006 and June 5, 2006 and reflect that " S.I." loses to the operation were 2/26/06 $7,000.00; 3/30/06  $ 5,700.00;  4/17/06  $14,680 and  06/05/06  13( presumably $13,000.00 ). "S.I." won $18,000.00 on 3/06/06.

A.U.S.A. Massey assumes that any reference to "S.I." is a reference to John LaForte. In listening to the tapes given in discovery I heard no references to Mr. Laforte being identified as "S.I." or as " Hammer".

If we assume <u>arguendo</u> that all of the "S.I" references on those 5 dates are to John LaForte, it only underscores his minimal involvement in this operation. Five bets over a period of more than 545 days in which to bet is certainly minimal. Over $50,000.00 in bets, in comparison to the multi-millions allegedly bet, is certainly minimal. There is no reference or involvement of John Laforte  after June 5, 2006, a point when the gambling business operated for another year with all of the electronic surveillance in operation. John LaForte can not be considered to be a principal, or manager, or organizer or a person in control or a supervisor or to have held any position of authority within this operation.

How one can come to the conclusion that John laForte was " instrumental to the operation of the business" and " was among the largest of bookmakers associated with the operation" is unfounded, belied by the facts and astonishing.

Yours,

Paul A. Lemole"

(End of letter of May 23, 2008)

The government alleges that this gambling operation transacted between 3 and 5 million dollars in its 1 ½ year existence.  How can $50,000.00 in bets be considered significant to this operation?  How could anyone seriously categorize the defendant as one of the largest bookmakers in this operation?  I humbly suggest that this defendant's participation was patently minimal.  There are 27 overt acts alleged in the indictment and not one overt includes or refers to the defendant John LaForte.

The defendant is not, nor is it alleged, that he is a made member of LCN. It is claimed that he is an associate of the Gambino family.  The defendant denies this.

Concurrent Sentence:

It is submitted that a concurrent sentence is warranted. The acts of this indictment were committed with the same "Genovese" crew,  although consisting of different members, as the Eastern District Indictment; the time frame and duration of John LaForte's participation in both indictments is within the year 2006; Bookmaking and Loansharking are common bedfellows; had the bookmaking charge been added ( transfer request was refused) to the Eastern District case it would have added no more time to the defendant's sentence. Additionally, the "bifurcated" manner in which the government proceeded elevated the defendant's criminal history level in this case and, I submit was unfair to this defendant.  Mr. Laforte's participation in this bookmaking operation does not warrant a jail sentence.

Forfeiture:

The indictment demands a forfeiture in the amount of at least $5,000,000.00 from all defendants. The defendant John LaForte resists said demand. This defendant pleaded guilty to Count II , the substantive act of Bookmaking and not to the conspiracy. He should not be liable for the whole conspiratorial amount. Forfeiture, if any, should be limited to John LaForte's participating amount and then only as to the profits and not to the total wagered.

In this case John LaForte was getting a referral commission. Such a commission, I have been informed, is 10% of the bettor's losses and zero of the bettors wins. Using that formula, John LaForte's forfeiture, if any, should be limited to less than $5,000.00.

Conclusion:

The defendant, by his letter to the Court, pledged that he would never be involved in any criminal activity in the future. He has a job as a chef/cook waiting for him when he is released from jail. He is an active and respected member of his local community. Attached is letter from the defendant John LaForte to your Honor and letters from various members of the community written to the court on the defendant's behalf.  The defendant requests that this Court be merciful in its sentence of him and impose a sentence that adds no new time to his Eastern District sentence.

                                    Respectfully Submitted,

                                    Paul A. Lemole

Dated: Staten Island, N.Y.
       June 5, 2008